UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D.B., S.B., and M.B.,

    Plaintiffs,

v.                                             Case No.: 8:24-cv-1116-TPB-TGW

WENDY'S INTERNATIONAL, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT WENDY'S INTERNATIONAL, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

This matter is before the Court on "Defendant Wendy's International, LLC's Partial Motion to Dismiss Plaintiffs' Second Amended Complaint, Memorandum of Law, and Local Rule 3.01(g) Certification," filed on January 9, 2025. (Doc. 42). Plaintiffs D.B., S.B., and M.B. filed a response in opposition on January 24, 2025. (Doc. 43). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background[1]

Wendy's International, LLC ("Wendy's") operates a multinational fast food restaurant chain specializing in hamburgers and french fries. Plaintiffs D.B. and

---

[1] The Court accepts as true the facts alleged in the second amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

S.B. are the parents of Plaintiff M.B., a minor female and former employee of a Wendy's restaurant in Lutz, Florida.

Plaintiffs allege that from September 2023 until December 2023, M.B. was subjected to sexual harassment at Wendy's by Jamaya Jauvoris Clemmons, a 25-year-old male who was employed at the same Wendy's restaurant at the same time as M.B. Specifically, M.B. alleges that on or about October 2, 2023, Clemmons attempted to kiss M.B., who rejected him. M.B. informed her direct manager at Wendy's, Gavin Harnash, of the incident. Harnash told M.B. the situation "was weird." Following the attempted kiss, Plaintiffs allege that rumors began to surface among the Wendy's staff regarding a relationship between M.B. and Clemmons. No follow-up report or investigation was conducted by Harnash or Wendy's.

Plaintiffs allege that on or about November 1, 2023, Clemmons approached M.B. again while at work, kissed her, lowered her pants, and inserted his fingers into her vagina. M.B. also alleges that she shared this information with two non-managerial coworkers and that rumors about her and Clemmons persisted. Again, none of these coworkers reported Clemmons, and Harnash initiated no investigation into the matter throughout November.

On December 8, 2023, around 5:00 p.m., M.B. reported to work at Wendy's, but was immediately approached by a male senior management representative of Wendy's. The management representative directed her to sit at a table in the main dining area for a "talk" and, within earshot of other customers and Wendy's employees, questioned M.B. about the workplace rumors and accused M.B. of

inappropriate sexual contact on work premises. The management representative then told M.B. that they had to "part ways" because of the rumored situation between her and Clemmons. M.B. was also specifically told: "Wendy's can't have this" because M.B. was "much younger." As a result, M.B. was allegedly overcome by fear and shame, and she subsequently ran away from home for 5 days, which caused her parents, D.B. and S.B., severe emotional distress. For her part, M.B. alleges that she has experienced loss of earnings and mental anguish due to Wendy's actions and her ultimate termination.

Plaintiffs initially filed this lawsuit in state court on April 24, 2024, against The Wendy's Company, Wendy's International, LLC, and Wendy's Restaurants, LLC (the "Wendy's Defendants"), asserting claims for sexual harassment and hostile work environment claims under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*, (Doc. 1-1), along with related state law claims. The Wendy's Defendants removed the matter to this Court (Doc. 1) on the basis of federal question jurisdiction and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiffs then amended their complaint on June 19, 2024. (Doc. 14). The Wendy's Defendants moved to dismiss Plaintiffs' claims for negligence, intentional infliction of emotional distress ("IIED"), and tortious interference with a custodial parent-child relationship. (Doc. 20). The Court granted the motion, dismissing the claims without prejudice and with leave to amend. (Doc. 33). On December 18, 2024, Plaintiffs filed a second amended complaint against only Wendy's International, LLC, which responded with the

instant motion seeking to dismiss with prejudice Plaintiffs' IIED and tortious interference claims.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Plaintiffs' second amended complaint asserts nine counts against Wendy's, three of which Wendy's challenges in its motion to dismiss. For the reasons stated below, the Court grants Wendy's partial motion to dismiss.

### *Count VI: IIED*

Wendy's argues that Plaintiffs have failed to state a claim for IIED against it because the facts alleged in the second amended complaint do not rise to the requisite level of extreme or outrageous behavior. The Court agrees.

To state a claim for IIED, a plaintiff must allege "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 594 (Fla. 2d DCA 2007). The alleged conduct "must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Crespo v. Midland Credit Mgmt., Inc.*, No. 15-60843CIV, 2015 WL 13779200, at *3 (S.D. Fla. Sept. 2, 2015) (quoting *Swinarski v. Keller*, 529 So. 2d 1208, 1209 (Fla. 4th DCA 1988)).

The Court previously dismissed Plaintiffs' amended complaint because, among other things, the facts alleged therein fell well short of the types of allegations needed to validly state an IIED claim. By Plaintiffs' own admission, the second amended complaint adds no new details regarding Wendy's conduct, but merely restates facts pertaining Wendy's knowledge of the purported abuse and its public confrontation of M.B. As stated in the Court's prior Order, the facts alleged

by Plaintiff simply are not "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Swinarski,* 529 So. 2d at 1209.  Wendy's handling of the situation concerning M.B. and Clemmons may have been insensitive, but its actions (or inaction) do not meet the high bar of outrageous conduct required for IIED.  Accordingly, the second amended complaint fails to state a claim for IIED.  Because the Court previously granted Plaintiffs an opportunity to cure deficiencies and they have failed to do so, Count VI is dismissed with prejudice.

### *Counts VII and VIII: Tortious Interference with a Custodial Parent-Child Relationship*

To state a claim for tortious interference with a custodial parent-child relationship, a plaintiff must allege:

(1) the complaining parent has a right to establish or maintain a parental or custodial relationship with his/her minor child;

(2) a party outside of the relationship between the complaining parent and his/her child intentionally interfered with the complaining parent's parental or custodial relationship with his/her child by removing or detaining the child from returning to the complaining parent, without that parent's consent, or by otherwise preventing the complaining parent from exercising his/her parental or custodial rights;

(3) the outside party's intentional interference caused harm to the complaining parent's parental or custodial relationship with his/her child; and

(4) damages resulted from such interference.

*Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1173-74 (Fla. 4th DCA 2024) (citing *Stone v. Wall*, 734 So. 2d 1038, 1042 (Fla. 1999)).

Plaintiffs acknowledge that Wendy's did not remove or detain M.B., but claim that Wendy's "otherwise prevent[ed] the complaining parent from exercising his/her parental or custodial rights." *Stone,* 734 So. 2d at 1042. However, as was the case in the first amended complaint, Plaintiffs fail to allege facts showing any intention by Wendy's to prevent D.B. or S.B. from seeing M.B. following her termination on December 8, 2023. Indeed, Plaintiffs allege no facts at all concerning Wendy's knowledge of D.B. or S.B., let alone intent to disrupt their relationship with M.B.

Plaintiffs also argue that Wendy's acted recklessly, which they contend satisfies the intent requirement, relying on *Stone,* 734 So. 2d at 1041-42. But *Stone* says no such thing. *See id.* at 1042 ("The elements of the cause of action include that the plaintiff had superior custody rights to the child and that the defendant *intentionally interfered* with those rights.") (emphasis added). Plaintiffs cite to no authority suggesting that a claim for common law tortious interference with a parent-child relationship can be satisfied without alleging the defendant intended to prevent and did prevent D.B. or S.B. from exercising their parental rights. For these reasons, and because the Court granted Plaintiffs an opportunity to cure deficiencies and they have failed to do so, Counts VII and VIII are dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Wendy's International, LLC's Partial Motion to Dismiss Plaintiffs' Second Amended Complaint, Memorandum of Law, and Local Rule 3.01(g) Certification" (Doc. 42) is hereby **GRANTED**.

2. Counts VI, VII, and VIII of the second amended complaint (Doc. 38) are **DISMISSED WITH PREJUDICE.**

3. Wendy's is directed to file an answer to the remaining counts of the second amended complaint on or before April 9, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of March, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE