**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

M.B.,

    Plaintiff,

v.                                                                          Case No.: 8:24-cv-1116-TPB-TGW

WENDY'S INTERNATIONAL, LLC,

    Defendant.

_____/

**ORDER DENYING RENEWED MOTION FOR**
**JUDGMENT AS A MATTER OR NEW TRIAL**

This matter is before the Court on "Plaintiff's Renewed Motion for Judgment as a Matter of Law under Rule 50(b), and, in the Alternative, Motion for New Trial under Rule 59(a)" (Doc. 199), filed on November 26, 2025.   Defendant filed a response in opposition on December 17, 2025.  (Doc. 204).  Upon review of the motion, response, the court file, and the record, the Court finds as follows:

**Background**

In this case, Plaintiff Marissa Barnett sued Defendant Wendy's International, LLC.  She alleged that from September to December 2023, while she was age 17, she was subjected to unlawful harassment at the Wendy's restaurant where she worked by Jamaya Clemmons, a 25-year-old male Wendy's employee. The case proceeded to trial on Plaintiff's federal law claim for hostile work environment under Title VII and her state law claim for negligent supervision and retention of Clemmons.  The jury returned a special verdict rejecting Plaintiff's

contention as to the first element of each claim. On the Title VII claim, the jury found that Clemmons did not harass Plaintiff because of her sex. On the negligent supervision claim, the jury found that Wendy's neither knew nor should have known that Clemmons was unfit to be an employee.

Plaintiff has moved for judgment as a matter of law, renewing the motion she made at trial prior to submission of the case to the jury. She argues that in view of her minor status at the time of Clemmons' sexual contact with her, that contact constituted harassment and created a hostile work environment as a matter of law. Alternatively, Plaintiff moves for a new trial, arguing that the jury's verdict on the Title VII claim was against the clear weight of the evidence and that the Court erred in its rulings on several evidentiary issues.

## Legal Standard

### *Judgment as a Matter of Law*

The standard governing a motion for judgment as a matter of law made during trial under Rule 50(a) and a renewed motion made after trial under Rule 50(b) is the same. *Redding v. Coloplast Corp.*, 104 F.4th 1302, 1308 (11th Cir. 2024). "[J]udgment as a matter of law is appropriate only if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Id*. (quoting *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017)). In making this determination, the court must view all the evidence adduced and draw all reasonable inferences in the light most favorable to the nonmoving party, without making credibility determinations or weighing the

evidence.  *United States v. Approximately $299,873.70 Seized from a Bank of America Account*, 15 F.4th 1332, 1342 (11th Cir. 2021); *Mendez v. Unitrin Direct Prop. & Cas. Ins. Co.*, 622 F. Supp. 2d 1233, 1236 (M.D. Fla. 2007).

### *New Trial*

"A timely motion for new trial is addressed to the sound judicial discretion of the trial court[.]" *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 807 (11th Cir. 2017) (quoting *Hercaire Int'l, Inc. v. Argentina*, 821 F.2d 559, 562 (11th Cir. 1987)).  A party may move for a new trial on the grounds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair . . . and may raise questions of law arising out of the alleged substantial errors in admission or rejection of evidence or instructions to the jury." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (alteration in original) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

When considering a motion for new trial based on the weight of the evidence, the court must determine whether "the verdict is against the clear weight of the evidence . . .  or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Hewitt v. B.F. Goodrich Co.,* 732 F.2d 1554, 1556 (11th Cir. 1984) (alteration in original) (quoting *United States v. Bucon Constr. Co*, 430 F.2d 420, 423 (5th Cir. 1070)).  To assure that the court does not substitute its judgment for that of the jury, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is

against the great – not merely the greater – weight of the evidence." *Id.* (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980)).

The admission and exclusion of evidence are matters committed to the broad discretion of the district court. *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). To obtain a new trial based on an erroneous evidentiary ruling, the movant must show that the erroneous ruling produced a substantial prejudicial effect. *See SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 790 (11th Cir. 2005).

<u>**Analysis**</u>

***Judgment as a Matter of Law***

Plaintiff's motion for judgment as a matter of law challenges the jury's negative answer to the interrogatory asking whether Clemmons harassed Plaintiff because of her sex, a threshold element on Plaintiff's Title VII claim. Plaintiff makes two arguments, neither of which has merit.

First, Plaintiff argues that no reasonable jury could have concluded that Clemmons' conduct towards Plaintiff was not "because of sex." This argument ignores the question the jury answered, which was whether Clemmons "*harassed* [Plaintiff] because her sex." (Doc. 193, at 4) (emphasis supplied). The overwhelming likelihood is that the jury answered the question as it did because they concluded that Plaintiff welcomed Clemmons' conduct, and it therefore did not constitute harassment. That finding was clearly supported by the evidence.

Second, Plaintiff argues that her status as a minor during the relevant time rendered Clemmons' conduct tortious under state law regardless of her consent. Therefore, Plaintiff argues, the conduct also constituted harassment and created a hostile work environment as a matter of law under Title VII.  Under controlling law, a Title VII plaintiff must prove the conduct at issue was unwelcome.  *See, e.g., Henson v. City of Dundee*, 682 F.2d 897, 903 (11th Cir. 1982).  Plaintiff has cited no authority in this Circuit dispensing with this requirement under federal law where the plaintiff is 17 years old and a minor under state law.  The Court rejects Plaintiff's argument for the same reasons discussed in the Court's Order on Jury Instruction Issues and Punitive Damages.  *See* (Doc. 194, at 3-4).

Accordingly, to the extent Plaintiff seeks judgment as a matter of law, her motion is denied.

### *New Trial*

<u>Weight of the Evidence</u>

Plaintiff moves for a new trial on the ground that the jury's verdict was against the clear weight of the evidence and constitutes a miscarriage of justice.  In support, Plaintiff once again mischaracterizes the jury's answer to the first interrogatory under Title VII as a finding that Clemmons' conduct was not "because of sex."  For the same reasons discussed above in connection with Plaintiff's motion for judgment as a matter of law, the Court rejects this argument in the context of her motion for new trial.

Plaintiff's Settlement with Clemmons

Plaintiff argues that the Court erred by allowing into evidence the $700 settlement agreement between Plaintiff and Clemmons.  As discussed in the Court's order on the parties' motions in limine, this evidence was admissible under Fed. R. Evid. 408 on the issue of Clemmons' bias.  *See* (Doc. 155 at 10-12).

Plaintiff complains that defense counsel in closing "expressly invited jurors to equate the settlement amount with the severity and legitimacy of Plaintiff's claims," thereby violating the Court's order limiting the use of the evidence to the issue of bias.  The Court rejects this characterization of counsel's closing argument and does not believe it impacted the jury's consideration.

Excerpts from Clemmons' deposition were read to the jury earlier the same day, and when his testimony touched on the settlement amount, the Court gave a limiting instruction telling the jury they could use the evidence to consider Clemmons' bias, but that it should have no impact on their consideration of the value of Plaintiff's case.[1]  While defense counsel's isolated and very brief reference to the settlement amount in closing argument did not expressly argue Clemmons' bias, neither did it ask the jury to consider the settlement for an improper purpose.

Moreover, while now claiming severe prejudice because of the reference to the settlement in closing, Plaintiff neither objected nor asked for a curative instruction following the argument.  She cannot obtain a new trial by raising the issue now. *See, e.g., Thelen v. Somatics, LLC*, 156 F.4th 1115, 1130 (11th Cir. 2025) ("The

---

[1] Clemmons testified in deposition to a lax supervision environment at the restaurant, among other things.

whole point of interposing a timely objection, after all, is to provide the district court with the opportunity to timely correct the error."); *Wallace v. Mangiaracina*, No. 8:14-cv-3022-T-24AEP, 2017 WL 2634891, at *3 (M.D. Fla. June 19, 2017), *aff'd*, 745 F. App'x 356 (11th Cir. 2018) (denying motion for new trial where the plaintiff "could have brought these statements to the Court's attention immediately after closing arguments outside of the presence of the jury, but she did not do so"); *Fisk Elec. Co. v. Solo Constr. Corp.*, No. 07-22120-CIV, 2009 WL 10669103, at *5 (S.D. Fla. Oct. 28, 2009) ("Counsel may have strategic reasons for not objecting at the time to a closing argument, and should not be allowed a 'do over' if his strategy turns out to be ineffective.").

The Court also does not believe that, under all the circumstances, including the Court's limiting instruction, defense counsel's comment in closing argument had any impact whatsoever on the jury's verdict. *See Thelen*, 156 F.4th at 1130 (affirming district court's denial of motion for new trial where plaintiff failed to show that defense counsel's arguable misstatement in closing impacted the jury verdict). Accordingly, Plaintiff's motion is denied as to this ground.

Brent Kalnins Incident

Plaintiff complains that the Court erroneously excluded evidence of an incident involving Brent Kalnins, another Wendy's employee. Plaintiff claimed that Kalnins followed her into a restroom at the restaurant and engaged in unwanted kissing and touching. Wendy's moved in limine to exclude evidence of this incident. Plaintiff argued for admissibility on the ground that the incident revealed a general

culture of lax supervision at the restaurant and was relevant to her negligent supervision claim on issues of notice and foreseeability.  The Court granted Wendy's motion in limine and excluded the evidence, ruling that going into this incident in detail would present a danger of confusing and misleading the jury, unfair prejudice to Wendy's, and wasting time on a side issue.[2]

The Court believes that its pre-trial balance of the relevant factors under Rule 403 was correct.  Evidence of a prior specific incident involving alleged sexual misconduct directed at Plaintiff by a different employee under different circumstances had only marginal relevance to Plaintiff's claims based on the misconduct of Clemmons but would likely confuse the jury and distract it from the main issues in the case.  Moreover, its exclusion likely had no impact on the jury's dispositive findings that Wendy's was not on notice of Clemmons' unfitness as an employee and that Clemmons' behavior was not harassing because Plaintiff welcomed it.

Plaintiff raises another argument regarding the Kalnins incident.  She says that she reported the incident to two managers, following which Kalnins was transferred but later returned to the same Wendy's.  Although there were no similar incidents with Kalnins after his return, Plaintiff apparently regarded the

---

[2] While excluding the Kalnins incident, the Court also denied Wendy's motion in limine seeking to present a sanitized version of the atmosphere at the restaurant by excluding evidence that employees engaged in drug use, drinking, vaping, and horseplay.  The Court declined to exclude the evidence altogether but made clear that such evidence would be allowed only if limited and general in nature and did not descend into detailed evidence on specific incidents, which would present the danger of confusing the jury and distracting it from the main issues.  Allowing evidence of the specific incident involving Kalnins presented precisely these dangers.

result of her complaint to management as unsatisfactory.  She argues she should have been allowed to testify about the prior incident to explain why she did not complain to management regarding Clemmons aside from once mentioning to shift manager Gavin Harnish that Clemmons had kissed her or tried to kiss her. Plaintiff argues the evidence was therefore relevant to rebut Wendy's "silence-equals-consent" narrative.

It is not clear that Plaintiff preserved this argument.  But in any event, the exclusion of evidence of an allegedly unsatisfactory outcome from an earlier complaint to management relating a different and much less egregious incident had marginal relevance at best and in light of the totality of the evidence likely had no impact on the jury's verdict.  The Court therefore rejects this argument as grounds for a new trial.

<u>Sexually Explicit Text Messages</u>

Plaintiff argues that the Court erred by allowing into evidence sexually explicit text messages exchanged between Plaintiff and Clemmons.  Plaintiff claims the messages were not properly authenticated and should have been excluded under Fed. R. Evid. 403 and 412 because they were "unnecessary to prove any disputed fact" and merely injected "highly prejudicial emotional content" that "invited the jury to evaluate Plaintiff morally rather than legally."  Plaintiff argues it was sufficient that Plaintiff and Clemmons testified to "sending and receiving sexual messages," without admitting the messages themselves.

The messages were authenticated by Plaintiff herself at trial.  They were highly probative on the issue of whether Plaintiff *welcomed* Clemmons' sexual conduct.  That relevance greatly outweighed any danger of harm to Plaintiff or unfair prejudice.   Plaintiff presented emotional testimony at trial concerning her experiences with Clemmons and her state of mind at the time.  The jury was entitled to weigh that testimony against the actual language she used in communications with Clemmons, rather than the sanitized version Plaintiff wished to present, even if that evidence cast doubt on her testimony.

Plaintiff complains that the evidence reinforced Wendy's "consensual relationship narrative," and its argument that Plaintiff "wanted the relationship." That may well be so.  And the evidence may well have "influenced the jury's evaluation of Plaintiff's credibility and liability," as Plaintiff argues.  But it is only *unfair* prejudice that counts under Rule 403, and Plaintiff has failed to show that any prejudice to her case from admission of this evidence was unfair.  The Court also does not believe the jury's verdict was impacted by any consideration of this evidence for an improper purpose.

<u>Cumulative Error</u>

Finally, as the Court has rejected each argument of error raised by Plaintiff in her motion, it rejects Plaintiff's argument that cumulative error deprived her of a fair trial or otherwise prejudiced Plaintiff.

## Conclusion

Plaintiff received a fair trial and presented on the stand her detailed account of Clemmons' conduct, including how, in her view, her raped her on multiple occasions at the Wendy's restaurant. Plaintiff argues that the Court made several erroneous rulings, but, at the end of the day, Plaintiff lost because the jury simply did not believe that Clemmons' sexual conduct towards Plaintiff was unwelcomed, or that Wendy's knew or should have known what Clemmons was doing. The jury's findings were supported by substantial evidence and were unaffected by any claimed errors. The outcome of this case was almost certainly dictated by the facts, which were quite unfavorable for Plaintiff, not the result of any erroneous rulings by the Court. Plaintiff is not entitled to a new trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff's Renewed Motion for Judgment as a Matter of Law under Rule 50(b), and, in the Alternative, Motion for New Trial under Rule 59(a)" (Doc. 199) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of February, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE